UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN JOSEPH SIMMONS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>THE USA DEPARTMENT OF HEALTH, EDUCATION AND WELFARE, et al.,<br><br>Defendants. | Case No. 22-cv-04760-TLT<br><br>**ORDER OF DISMISSAL AND DENYING** *IN FORMA PAUPERIS* **STATUS** |

Plaintiff Melvin Simmons, an inmate at California Correctional Institution ("CCI"), and his mother Laura Simmons filed a *pro se* action against the USA Department of Health, Education and Welfare and the Commissioner of the Social Security Administration (SSA). The Court previously dismissed Laura Simmons as a party and ordered plaintiff to show cause why his complaint, which he sought to file *in forma pauperis*, should not be dismissed pursuant to 28 U.S.C. § 1915(g). Dkt. No. 16. Plaintiff subsequently paid the filing fee. Dkt. No. 21. His motion to proceed *in forma pauperis* is therefore DENIED. Dkt. No. 12. His complaint (Dkt. No. 10) is now before the Court for review under 28 U.S.C. § 1915A. The complaint will be dismissed.

**DISCUSSION**

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),

1  (2).  *Pro se* pleadings must, however, be liberally construed.  *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).  While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).  A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice.  *Id.*

**B.    Analysis**

Plaintiff has failed to state a claim upon which relief can be granted.  The first-named defendant, the USA Department of Health, Education and Welfare, was the precursor to the Department of Health and Human Services and no longer exists.[1]  Although the Commissioner of the Social Security Administration is an appropriate defendant, plaintiff's complaint is in large part incomprehensible and does not give notice of the type of claim and the facts upon which it rests.

The caption identifies the suing party as "CDC No. D66671 Simmons Melvin Jr. . . . the Deceased Personality Dead Pledged Without Prior Written Consent or Full Informed Partici Patron, Unauthorized Use to Defeat the Realm Realty Melvin Joseph Simmons of the Aggrieved Person Melvin Joseph Simmons Absoluted Perfect Title."  Dkt. No. 10 at 1.  The complaint states that it is an "action to review" the defendants' "failure to deter or prevent actual fraud."  *Id.*  Plaintiff seeks to "return to the World, to dwell secure in full life."  *Id.* at 2.  He suggests that he is "civilly dead" and "is considered to have left this temporal world for the nonexistence by false imprisonment under the false pretenses of the deceased personality's name Melvin Simmons Jr."

---

[1] *See* "United States Department of Health, Education and Welfare Records," the John F. Kennedy Presidential Library and Museum Archives, https://www.jfklibrary.org/asset-viewer/archives/USDHEW#:~:text=The%20U.S.%20Department%20of%20Health,and%20social%20and%20economic%20security.

2

*Id.* at 4. He alleges that defendants "convey[ed] plaintiff Melvin Joseph Simmons ownership, rights, and benefits to plaintiff Melvin Joseph Simmons half-blood Brothers' legal personality name Melvin Simmons Jr. outside of the usual ordinary course of a business transaction." *Id.* at 7. He alleges that the Social Security Administration Commissioner caused him to "suffer loss of amenities, loss of life enjoyment, loss of life, liberty, Civil Rights Such as the Right to Vote, To Make and Enforce Contracts, To Sue, Be Parties, Give Evidence, and To The Full and Equal Benefit of All Laws and Proceedings For the Security of Persons and Property As Is Enjoyed By White Citizens." *Id.*

Plaintiff appears to seek release from prison, compensatory damages, and punitive damages. *Id.* at 25-26.

To the extent plaintiff intends to challenge the suspension of social security benefits while he is incarcerated, he does not state a claim upon which relief can be granted. A prisoner convicted of a felony is not entitled to social security benefits. *See* 42 U.S.C. § 402(x). Section 402(x) is constitutional and does not violate the rights of prisoners. *See Butler v. Apfel*, 144 F.3d 622, 625-27 (9th Cir. 1998). While a dissatisfied Social Security claimant may seek judicial review in federal district court, including review of constitutional claims—*see Schweiker v. Chilicky*, 487 U.S. 412, 424 (1988)—he may not seek damages from officials responsible for unconstitutional conduct that leads to the wrongful denial of benefits. *See id.* at 420-29 (improper denial of Social Security benefits cannot give rise to cause of action under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971) for money damages).

Plaintiff cannot challenge the validity of his criminal conviction, sentence, or confinement in any manner other than by filing a petition for writ of habeas corpus. Habeas is the "exclusive remedy" for the prisoner who seeks "'immediate or speedier release'" from confinement. *Skinner v. Switzer*, 562 U.S. 521, 533-34 (2011)

**CONCLUSION**

For the foregoing reasons, the case is DISMISSED for failure to state a claim upon which relief may be granted. The Clerk shall enter judgment and close the file.

This Order terminates Docket No. 12.

3

**IT IS SO ORDERED.**

Dated: May 30, 2023

TRINA L. THOMPSON
United States District Judge